MILLY L. COE, AN INFANT, BY WILLIAM C. COX, HER SPECIAL GUARDIAN, APPELLANT, v. JACOB C. DE WITT, ADMINISTRATOR, &c., OF CHARLES PARDEE, RESPONDENT.

*Will—construction of—when devisee takes a fee—*1 R. S., 722, § 3.

A testator, by his will, devised and bequeathed the one-third part of all the rest, residue and remainder of his estate to his nephew, "Edward B. Coe, and the heirs of his body forever, and in case of his death without issue then living," he devised and bequeathed the said portion to other devisees therein named.

*Held*, that Edward B. Coe took a fee in the testator's real estate, which passed to one purchasing at a sale had under the foreclosure of a mortgage given by him thereon.

*Barnes* v. *Hathaway*, 66 Barb., 452, followed.

APPEAL by Milly L. Coe, from part of an order distributing certain moneys paid for the condemnation of certain lands, known as a portion of the Mansion House, in Buffalo, for railroad, purposes. The only question arising here is, as to the proper construction of the will of Bela D. Coe, deceased.

*James R. Cox*, for Milly L. Coe, appellant.

*Spencer Clinton*, for the respondent.

HARDIN, J.:

The fifth clause of the will of Bela D. Coe, upon which the question presented here arises, is as follows: "Fifthly, I give, devise and bequeath the one-third part of all such residue, remainder, and reversion of my said estate, to my nephew Edward B. Coe, *and the heirs of his body forever, and in case of his death without issue* then living, I hereby devise and bequeath his said portion, to be divided in equal parts, to the trustees of the said Theological Seminary, and to the trustees of said Orphan Asylum, in fee forever, for the like uses and purposes."

Edward B. Coe executed a mortgage upon the premises which passed to him, which was foreclosed, and Charles Pardee became the purchaser. Milly L. Coe is a daughter and the only child of E. B. Coe. She was born in 1863, and claims all interest in the

premises so taken, and that, should she survive her father, she would be entitled to the moneys in question.

The representatives of Charles Pardee claim the moneys upon the death of Edward B. Coe. The Revised Statutes provide, viz.: "Section 3. All estates tail are abolished, and every estate which would be adjudged a fee tail, according to the law of the State as it existed previous to the twelfth day of July, one thousand seven hundred and eighty-two, shall hereafter be adjudged a fee simple, and if no valid remainder be. limited thereon, shall be adjudged a fee simple absolute." (1 R. S., 722.)

I think the opinion of MULLIN, P. J., in *Barnes* v. *Hathaway* (66 Barb., 452), commits this department to a construction of the statute adverse to the appellant. And the question as now presented is not open to discussion and re-examination in this court. (*Seaman* v. *Harvey,* 16 Hun, 74.)

We must therefore hold that Edward B. Coe took the fee, and that the same passed by his grant, and was therefore acquired by' Charles Pardee, and formed part of his estate at the time of his death. (*Cases supra; Grout* v. *Townsend,* 2 Hill, 555 ; *Wilson* v. *Wilson,* 32 Barb., 328; *Sherman* v. *Sherman,* 3 Id., 385; *Brown* v. *Lyon,* 6 N. Y., 419.)

We must therefore affirm the order, with $10 costs and disbursements, payable out of the fund.

TALCOTT, P. J., and SMITH, J., concurred.

Ordered accordingly.